UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:01CV-374-H

| | |
|---|---|
| KENTUCKY RESTAURANT CONCEPTS INC., d/b/a P.T.'s SHOWCLUB, et al. | PLAINTIFFS |
| V. | |
| TAYLOR BOULEVARD THEATRE, INC., et al. | INTERVENING PLAINTIFFS |
| and | |
| JANE ROE | INTERVENING PLAINTIFF |
| V. | |
| THE CITY OF LOUISVILLE, JEFFERSON COUNTY, KENTUCKY, et al. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have moved for attorney's fees in connection with the appeal of this Court's decision enjoining enforcement of the City of Louisville's Adult Entertainment Ordinance. *See Kentucky Restaurant Concepts, Inc. v. City of Louisville,* 209 F.Supp.2d 672 (W.D. Ky. 2002). While granting Plaintiffs' requested relief by enjoining the ordinance, the Court nevertheless ruled against them on numerous issues. These contrary rulings occasioned Plaintiffs' appeal to the Sixth Circuit.

On appeal, Plaintiffs challenged the Court's rulings as to (1) the constitutionality of the "buffer zone" and "no touch" provisions, (2) the constitutionality of the ordinance's criminal disability provisions, and (3) the use of "secondary effects" studies to support the ordinance.

When the Court issued its final and appealable decision enjoining the enforcement of the statute, it did not reach or consider the issue of damages. As a consequence, Plaintiffs also argued on appeal that this Court had denied their damage claims. The Sixth Circuit decided that it lacked jurisdiction to consider Plaintiffs' first three assignments of error and remanded the case for a decision on damages. On remand Plaintiffs now argue that they were successful in their assertion that the Court had "erred in entering a final judgment before allowing Plaintiffs to litigate their damage claims."[1] For the following reasons, the Court has a slightly different view of these unusual events.

When this Court entered its Memorandum Opinion enjoining enforcement of the Louisville ordinance, it provided Plaintiffs with all the relief which they appear to have requested during the evidentiary proceeding. To be sure, Plaintiffs had also requested monetary relief. For whatever reason, however, neither of the parties had focused upon that request. The Court entered a final order thinking that no further relief was needed or desired at that time. Though Plaintiffs had introduced some proof of damages, the Court does not recall anyone raising the issue of damages during post-hearing briefing. Certainly, Plaintiffs did not call the Court's attention to its supposed failure to consider their damage claims. No one raised a question as to the appropriateness of the Court's issuing its injunctive relief as final and appealable. The appeal proceeded and ultimately remanded.

Consequently, the Court must conclude that the appeal was taken for naught. Had Plaintiffs raised the issue of damages, the Court would have certainly considered it. Had the

---

[1] In a separate motion on remand, Plaintiffs have addressed the issue of damages. The Court has ruled on that motion as well in a separate Memorandum.

2

Court addressed damages, the Sixth Circuit would have had jurisdiction to address Plaintiffs' other concerns.  Rather, Plaintiffs took an appeal which required remand due to the known fact that no party had requested the Court to rule on the issue of damages.  Under these circumstances, Plaintiffs cannot be said to be a prevailing party because they achieved no "material alteration of the legal relationship of the parties."  *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 600 (2001) (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989)).  They did not obtain reversal of an order of this Court.  They did not obtain relief that this Court had denied.  Moreover, it would be exceedingly unfair to require that Defendants pay for appellate legal work that Plaintiffs could have so easily avoided.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for attorney's fees is DENIED.  This is not a final order.

cc:     Counsel of Record